**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY HASKINS,** | : | **CIVIL NO.  1:16-CV-2002** |
| | : | |
| **Plaintiff,** | : | **(Judge Jones)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ERIC TICE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**REPORT AND RECOMMENDATION**

## I.    Statement of Facts and of the Case

The plaintiff, Anthony Tice, is a state prisoner who commenced this case by

filing a civil complaint on September 30, 2016.  (Doc. 1.)  In this pleading, Haskins

names five defendants in the caption of his complaint, Warden Eric Tice, Captain

Harris, Kelly Everhart, an administrative assistants at the prison, John Cherry, a

Common Pleas Court Judge, and John Baer, who is not otherwise identified in this

pleading.  (Id.)

While the caption of the complaint names these five officials, the body of the

pleading simply recites facts relating to two of these defendants Administrative

Assistant Everhart and Judge Cherry.  (Id.)  According to Haskins, on September 13,

1

2016, Everhart was present at a video-conference in which Judge Cherry re-sentenced Haskins to time-served on various state offences. Alleging that this re-sentencing fully discharged all of his legal obligations, Haskins alleges that he is now being held in an excessive, unlawful confinement, and sues the five individual defendant–three of whom are not mentioned in the body of this pleading–for $11,000 a day in nominal, compensatory and punitive damages. (Id.)

Haskins has not paid the filing fee required by law, and apparently seeks leave to proceed *in forma pauperis*. For the reasons set forth below, having conducted our legally-mandated duty to screen *pro se in forma pauperis* prisoner pleadings, we conclude that with respect to many of the defendant named in this pleading, the complaint, in its current form, fails to state a claim upon which relief may be granted and should, therefore, be dismissed.

## II.   Discussion

### A.   Screening of Prisoner *Pro Se* Complaints–Standard of Review

This Court has an on-going statutory obligation to conduct a preliminary review of complaints filed by plaintiffs who seek leave to proceed *in forma pauperis,* and seek redress against government officials. See 28 U.S.C. §§1915 and 1915A. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

**(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text, in turn, mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have

3

seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

4

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level

of mere speculation.  As the United States Court of Appeals for the Third Circuit has

stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis.  First,
> the factual and legal elements of a claim should be separated.  The
> district court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions.  Second, a district court
> must then determine whether the facts alleged in the complaint are
> sufficient to  show that the plaintiff has a 'plausible claim for relief.'  In
> other words, a complaint must do more than allege the plaintiff's
> entitlement to relief.  A complaint has to 'show' such an entitlement
> with its facts.

Fowler, 578 F.3d at 210-11.

In short, "The Supreme Court in Twombly set forth the 'plausibility' standard

for overcoming a motion to dismiss and refined this approach in Iqbal.  The

plausibility standard requires the complaint to allege 'enough facts to state a claim to

relief that is plausible on its face.'  Twombly, 550 U.S. at 570, 127 S.Ct. 1955.  A

complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.'  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).

This standard requires showing 'more than a sheer possibility that a defendant has

acted unlawfully.'  Id.  A complaint which pleads facts 'merely consistent with' a

defendant's liability, [ ] 'stops short of the line between possibility and plausibility of

"entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must also comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In this regard, one of the basic requisites for a civil complaint is that it must recite some essential facts tying the defendants to some alleged misconduct. This

fundamental requirement is driven both by matters of principle, and by pragmatic considerations.   As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired.   Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights.   When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims.   See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint).   Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide.   See Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for

relief compels dismissal); <u>Snyder v. Snyder</u>, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) <u>report and recommendation adopted,</u> 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

In our view, these pleading standards apply to all aspects of the court's threshold analysis of a complaint's legal sufficiency.   Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

### B.     The Complaint Fails to State a Claim Upon Which Relief May Be Granted With Respect to Numerous Defendants

In his complaint, Haskins sues five individual defendant, but completely fails to mention three of these defendants–Warden Tice, Captain Harris, or John Baer– in the body of his pleading.   This form of pleading will not do.

At the outset, with respect to the defendants whose actions are not described in any fashion in the body of this pleading, dismissal of this complaint is warranted because the complaint fails to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."   It is well-settled that: "[t]he  Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement

of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and

that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v.

Lebanon County, 219 F.App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is

"illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy

length, but it is also largely unintelligible", Stephanatos v. Cohen, 236 F.App'x 785,

787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly

appropriate. See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New

Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen.

supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431

F.3d 448, 450 n. 1 (5th Cir.2005).

Dismissal under Rule 8 is also proper when a complaint "left the defendants

having to guess what of the many things discussed constituted [a cause of action];"

Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the

complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441

F.App'x 109 (3d Cir. 2011). Similarly, dismissal is appropriate in " 'those cases in

which the complaint is so confused, ambiguous, vague, or otherwise unintelligible

that its true substance, if any, is well disguised.' Simmons v. Abruzzo, 49 F.3d 83,

86 (2d Cir.1995) (quotations omitted)." Tillio v. Spiess, 441 F. App'x 109, 110 (3d

Cir. 2011); Tillio v. Northland Grp. Inc., 456 F. App'x 78, 79 (3d Cir. 2012). Further,

a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood.  See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

These principles are applicable here, and compel the dismissal of this complaint.   In particular, Haskins' curious pleading style of naming certain defendants in the caption of the case, but not describing their conduct by name in the body of his pleading, in the apparent hope that we will be able to ferret out the elements of a cause of action against these defendants, is legally insufficient to state a claim.  See Walthour v. Child & Youth Servs., 728 F. Supp. 2d 628, 636 (E.D. Pa. 2010)(dismissing claims against defendants only identified in exhibits attached to complaint).   This cursory style of pleading is plainly inadequate to state a claim against the individual defendants and compels dismissal of these defendants. Hudson

11

v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.)  In short, the complete failure of the complaint to contain any well-pleaded facts as to many of the defendants leaves these "defendants having to guess what of the many things discussed constituted [a cause of action]."  Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011).  Therefore, Rule 8 compels dismissal of the complaint as to these defendants.[1]

Further, in its current form, this *pro se* complaint fails to state a claim against Judge Cherry.  Liberally construed, this *pro se* complaint seeks to hold the judge personally liable for alleged civil rights violations arising out of the performance of the judicial act of re-sentencing Haskins.  To the extent that the plaintiff seeks in this complaint to hold any judge personally liable for civil rights violations, based upon a judicial act, it is well-settled that the judge is individually cloaked with immunity from liability.  The United States Supreme Court has long recognized that those officials performing judicial, quasi-judicial, and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities.  In order to provide this degree of

---

[1]In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects.  See, e.g., Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen, supra; Scibelli v. Lebanon County, supra.

protection from liability for judicial officials, the courts have held that judges,
Mireless v. Waco, 502 U.S. 9, 13 (1991); prosecutors, Imbler v. Pachtman, 424 U.S.
409, 427 (1976); and those who perform adjudicative functions, Imbler, 424 U.S. at
423 n. 20  (grand jurors); Harper v. Jeffries, 808 F.2d 281, 284 (3d. Cir. 1986)(parole
board adjudicators); are entitled to immunity from personal liability for actions they
take in our adversarial system of justice.

These longstanding common law immunities apply here and prevent the
plaintiff from maintaining this civil action against the state judge named in this
complaint since the judge is entitled to judicial immunity for his actions in this state
proceeding and is absolutely immune from personal liability for any judicial acts,
including presiding over a criminal case or sentencing a defendant.  See, e.g., Arsad
v. Means, 365 F.App'x 327 (3d Cir. 2010); Figueroa v. Blackburn, 208 F.3d 435 (3d
Cir. 2000).  As we have explained when rejecting a similar efforts to impose personal
civil rights liability on a judge, this immunity is both broad and absolute:

> "It is a well-settled principle of law that judges are generally 'immune
> from a suit for money damages.' " Figueroa v. Blackburn, 208 F.3d 435,
> 440 (3d Cir.2000) (quoting Mireles v. Waco, 502 U.S. 9, 9, 112 S.Ct.
> 286, 116 L.Ed.2d 9 (1991) (per curiam), and citing Randall v. Brigham,
> 74 U.S. (7 Wall.) 523, 536, 19 L.Ed. 285 (1868)).  "The doctrine of
> judicial immunity is founded upon the premise that a judge, in
> performing his or her judicial duties, should be free to act upon his or
> her convictions without threat of suit for damages."  Id. (citations
> omitted).  Therefore, "[a] judge is absolutely immune from liability for

13

his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors," <u>Stump v. Sparkman</u>, 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), and "[j]udicial immunity cannot be overcome by allegations of bad faith or malice" <u>Goldhaber v. Higgins</u>, 576 F.Supp.2d 694, 703 (W.D.Pa.2007). Such immunity can be overcome only where a judge's acts are nonjudicial in nature, or where such actions, while judicial in nature, are "taken in the complete absence of all jurisdiction." <u>Mireles</u>, 502 U.S. at 12.

<u>Catanzaro v. Collins</u>, CIV. A. 09-922, 2010 WL 1754765 (M.D. Pa. Apr. 27, 2010), <u>aff'd,</u> 447 F. App'x 397 (3d Cir. 2011); <u>Kwasnik v. Leblon</u>, 228 F. App'x 238, 243 (3d Cir. 2007) ("A judicial officer in the performance of his or her duties has absolute immunity from suit. <u>Mireles v. Waco</u>, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) ). In sum, these longstanding common law immunities for judicial officials directly apply here and prevent the plaintiff from maintaining this civil action for damages against the individual judge named as a defendant in his complaint.

This complaint fails as to Judge Cherry for another reason. Liberally construed, the complaint states an Eighth Amendment excessive confinement claim. However, such claims typically lie only against the jailer who confines an inmate for

an excessive period of time, and may not be brought against the court which initially

imposed the sentence that was led to the inmate's confinement.  In this regard, the

requisites for an excessive confinement claim are as follows:

> In the context of an Eighth Amendment claim for incarceration without
> penological justification, this Court has held that a plaintiff must
> demonstrate three elements to establish § 1983 liability against a *prison*
> *official*:  (1) a prison official had knowledge of the prisoner's problem
> and thus of the risk that unwarranted punishment was being, or would
> be, inflicted; (2) the official either failed to act or took only ineffectual
> action under the circumstances, indicating that his response to the
> problem was a product of deliberate indifference to the prisoner's plight;
> and (3) a causal connection between the official's response to the
> problem and the unjustified detention.  Sample, 885 F.2d at 1110.
> Relevant circumstances in assessing these factors are the scope of the
> official's duties and the role the official played in the life of the prison.
> Id.

Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010)(emphasis added).

Notably, the courts have typically confined these claims to parole or prison

officials who execute an inmate's sentence, and have not extended these claims to the

courts that imposed the initial sentence which was improperly executed.  See e.g.,

Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010); Moore v. Tartler, 986 F.2d

682, 686 (3d Cir.1993); Sample v. Diecks, 885 F.2d 1099, 1107-08 (3d Cir.1989).

This limitation on Eighth Amendment excessive confinement claims stems from a

single, simple source.  It is the court's sentence which defines the proper scope of an

inmate's confinement.  It, therefore, follows that the court cannot be held liable for

an excessive confinement claim when the terms of its sentence are allegedly not

subsequently followed by others. [2]

## C.     The Plaintiff's Claim for A Specific Amount of Unliquidated Damages is Improper

Further, we note that the demand for specified compensatory damages from the

defendants is inappropriate.   Rule 12(f) of the Federal Rules of Civil Procedure

imposes a duty on the court to review pleadings and provides that the court may upon

its own initiative at any time order stricken from any pleading any immaterial matter.

Fed. R. Civ. P. 12(f).   Decisions regarding whether claims may be stricken from a

complaint are properly presented to a United States Magistrate Judge for

determination in the first instance.  Singh v. Superintending School Committee of the

City of Portland, 593 F. Supp. 1315 (D. Me. 1984).   In this case, the plaintiff's claim

for a specified amount of unliquidated damages violates Local Rule 8.1 which

provides, in part, that:  " The demand for judgment required in any pleading in any

civil action pursuant to Fed.R.Civ.P. 8(a)(3) may set forth generally that the party

claiming damages is entitled to monetary relief *but shall not claim any specific sum*

---

[2]Since we are recommending that the complaint be dismissed with leave to amend we do not engage in a further extensive analysis of whether Haskins has alleged sufficient well-pleaded facts to satisfy the elements of this constitutional tort as to any other defendant. We note, however, that simply listing defendants in the caption of the case is plainly insufficient to properly plead an Eighth Amendment excessive confinement claim.

*where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed.R. Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other." Local Rule 8.1 (emphasis added). Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, it is further recommended that this specific dollar claim be stricken from the complaint.

### D.    The Complaint Should be Dismissed Without Prejudice

We recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).  In this case, Haskins has not alleged facts that would state a claim upon which relief may be granted against many of the defendants named in this complaint.  Nonetheless, out of an abundance of caution, and in order to preserve the plaintiff's rights, it is recommended that this matter be dismissed without prejudice to Haskins attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations that meet the requirements of federal law.

17

## III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted, but that the dismissal of this action be without prejudice to any effort by the plaintiff to timely allege facts in an amended complaint which might state a claim upon which relief may be granted, provided that the plaintiff acts within 20 days of any dismissal order.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3d day of October 2016.

***<u>S/Martin C. Carlson</u>***
Martin C. Carlson
United States Magistrate Judge